# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Michael Wade Cornell, Jr. and ) | BK No. 25-02373-CW3-7 |
| Katlyn Brooke Cornell, ) | |
| ) | |
| Debtor(s), ) | |
| ) | ADV. NO. |
| ERICA R. JOHNSON, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALL IN CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO AVOID SECURITY INTEREST OF ALL IN CREDIT UNION; TO RECOVER VALUE OF AVOIDED TRANSFER; AND AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIEN

Comes Erica R. Johnson, Trustee for the above-captioned estate, by and through counsel, and respectfully alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

2. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409(a).

1

## PARTIES

4. Michael Wade Cornell, Jr. (the "Debtor") and Katlyn Brooke Cornell (the "Joint Debtor") (collectively referred to as the "Debtors") commenced the above-captioned case by filing a voluntary chapter 7 petition on June 5, 2025 (the "Petition Date").

5. Erica R. Johnson was appointed as trustee in this proceeding and is currently serving in that capacity (the "Trustee" or the "Plaintiff").

6. All In Credit Union (the "Defendant") is headquartered in Daleville, Alabama, with its principal place of business located at 238 Virginia Avenue, PO Drawer 8, Daleville, Alabama 36322.

## FACTUAL BACKGROUND

7. Certain personal property described as a 2021 GMC Sierra 1500 pick-up truck, VIN: 3GTU9EETXMG240357 (the "Vehicle") is titled in the name of the Debtor, with a scheduled value of $34,525.00. *See* Schedule A/B filed June 5, 2025 (Docket Entry 1 in Case 3:25-bk-02373).

8. The Vehicle is property of the bankruptcy estate pursuant to 11 U.S.C. §541.

9. The Debtors listed the Defendant on Schedule D of the petition as a secured creditor with an alleged lien against the Vehicle. *See* Schedule D filed June 5, 2025 (Docket Entry 1 in Case 3:25-bk-02373).

10. On February 22, 2025, the Debtor entered into a contract for the re-finance of the Vehicle with the Defendant, which loan was to be secured by a lien on the Vehicle in favor of the Defendant (the "Transfer"). *See* Closed-End Note, Disclosure, Loan and Security Agreement attached as Exhibit B to Motion for Relief filed by the Defendant on July 1, 2025 (Docket Entry 13 in Case 3:25-bk-02373).

11. The Tennessee Department of Revenue issued a Certificate of Title on April 10, 2025, approximately forty-seven (47) days after the transfer between the Debtor and the Defendant occurred. *See* Certificate of Title attached as Exhibit B to Motion for Relief filed by the Defendant on July 1, 2025 (Docket Entry 13 in Case 3:25-bk-02373).

12. On June 5, 2025, approximately fifty-six (56) days after the Defendant perfected its lien on the Vehicle, the Debtors filed this bankruptcy case.

13. To date, the Defendant has not provided any evidence that its lien against the Vehicle was properly perfected within thirty (30) days of the Transfer.

14. The Vehicle is currently in the possession of the Trustee's auctioneer.

15. The Trustee believes there is sufficient equity in the Vehicle to sell on behalf of the bankruptcy estate.

**CAUSE OF ACTION**

**Count I – Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547**

16. The Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

17. The Application for Certificate of Title and Registration was made longer than thirty (30) days after the Transfer took effect between the Debtor and the Defendant.

18. The lien of the Defendant is avoidable pursuant to 11 U.S.C. § 547 as a preferential transfer because it was not perfected within thirty (30) days after the Transfer took effect between the Debtor and the Defendant and the perfection was applied for within ninety (90) days of the Petition Date.

19. The Defendant is the immediate transferee of the transfer and/or the entities for whose benefit the Transfer was made.

**Count II – Recovery of Property Transferred Pursuant to 11 U.S.C. § 550**

20. The Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

21. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. § 547, the trustee may recover, for the benefit of the estate, the property transferred or the value of the property or payments made.

22. As set forth above, the Trustee is entitled to avoid the Transfer of the lien against the Vehicle pursuant to 11 U.S.C. § 547.

23. Pursuant to 11 U.S.C. § 550, the Trustee is entitled to an order of this Court directing that the lien against the Vehicle is recovered for the benefit of this estate.

24. Alternatively, pursuant to 11 U.S.C. § 550, the Trustee is entitled to an order of this Court for the value of the Transfer from the Debtor to the Defendant.

**Count III – Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551**

25. The Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

26. Pursuant to 11 U.S.C. § 551, any transfer avoided under § 547 of the Bankruptcy Code is preserved for the benefit of the estate, but only with respect to property of the estate.

27. To the extent that the Trustee prevails in avoiding the lien of the Defendant against the Vehicle, that lien position is preserved for the benefit of the estate and free and clear of any subordinate liens and/or claim of exemption made by the Debtors.

WHEREFORE, the Plaintiff requests that the Court enter an Order in this adversary proceeding:

A. Avoiding the lien of the Defendant against the Vehicle pursuant to 11 U.S.C. §

547;

B. Granting a judgment against the Defendant for recovery of the lien or value of the Vehicle for the benefit of the estate, pursuant to 11 U.S.C. § 550;

C. Preserving the avoided lien position for the benefit of the estate pursuant to 11 U.S.C. § 551;

D. Directing that the estate is entitled to the proceeds from the sale of the Vehicle free and clear of any interest asserted by the Defendant; and

E. Granting such other and further relief as is just and proper.

Dated this 16th day of October, 2025.

Respectfully submitted,

*/s/ Erica R. Johnson*
Erica R. Johnson (BPR No. 30939)
ERICA R. JOHNSON,
ATTORNEY AT LAW, PLLC
8161 Highway 100, Suite 184
Nashville, Tennessee 37221
(615) 347-5869 – Telephone
erica@erjlaw.com – Email
*Attorneys for Trustee/Plaintiff*