# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL WADE CORNELL, JR. and | ) | Case No. 3:25-bk-02373 |
| (SSN XXX-XX-9509) | ) | (Chapter 7) |
| | ) | Judge Charles M. Walker |
| KATLYN BROOKE CORNELL, | ) | |
| (SSN XXX-XX-5500) | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| ERICA R. JOHNSON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. Proc. No. 3:25-ap-90117 |
| | ) | |
| ALL IN CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

_____

### ANSWER OF DEFENDANT TO COMPLAINT TO AVOID SECURITY INTEREST OF ALL IN CREDIT UNION; TO RECOVER VALUE OF AVOIDED TRANSFER; AND AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIEN

_____

Pursuant to Bankruptcy Rule 7012, the defendant, All In Credit Union f/k/a Army Aviation F.C.U. (the "Defendant"), in answer to the "Complaint" (the "Complaint") filed with the Court on October 16, 2025 on behalf of the plaintiff-trustee, Erica R. Johnson (the "Trustee"), would state as follows:

## *First Defense*

1.01   The Defendant admits the allegations contained in paragraph 1 of the Complaint.

1.02   The Defendant admits the allegations contained in paragraph 2 of the Complaint.

1.03   The Defendant admits the allegations contained in paragraph 3 of the Complaint.

1.04   The Defendant admits  the allegations contained in paragraph 4 of the Complaint.

1.05   The Defendant admits the allegations contained in paragraph 5 of the Complaint.

1.06   The Defendant admits the allegations contained in paragraph 6 of the Complaint.

1.07   With respect to the allegations contained in paragraph 7 of the Complaint, the Defendant would state that the "Schedule A/B" referred to therein speaks for itself and neither admits not denies the allegations contained in paragraph 7 of the Complaint.

1.08   The allegations contained in paragraph 8 of the Complaint constitute allegations of law and not fact and, therefore, no response is required of the Defendant.

1.09   With respect to the allegations contained in paragraph 9 of the Complaint, the Defendant would state that the "Schedule D" referred to therein speaks for itself and neither admits not denies the allegations contained in paragraph 9 of the Complaint.

1.10   With respect to the allegations contained in paragraph 10 of the Complaint, the Defendant would state that the "Closed-End Note, Disclosure, Loan and Security

Agreement" referred to therein speaks for itself and neither admits not denies the allegations contained in paragraph 10 of the Complaint.

1.11    With respect to the allegations contained in paragraph 11 of the Complaint, the Defendant would state that the "Certificate of Title" referred to therein speaks for itself and neither admits not denies the allegations contained in paragraph 11 of the Complaint.

1.12    With respect to the allegations contained in paragraph 12 of the Complaint, the Defendant admits that the debtors filed a bankruptcy case on June 5, 2025. The Defendant denies all other allegations contained in paragraph 12 of the Complaint.

1.13    The Defendant denies the allegations contained in paragraph 13 of the Complaint.

1.14    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

1.15    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

1.16    With respect to the allegations contained in paragraph 16 of the Complaint, Defendant repeats and re-alleges its responses contained in paragraphs1 through 15 above.

1.17    The Defendant denies the allegations contained in paragraph 17 of the Complaint.

1.18    The allegations contained in paragraph 18 of the Complaint constitute allegations of law and not fact and, therefore, no response is required of the Defendant.

1.19    The allegations contained in paragraph 19 of the Complaint constitute allegations of law and not fact and, therefore, no response is required of the Defendant.

1.20    With respect to the allegations contained in paragraph 20 of the Complaint, Defendant repeats and re-alleges its responses contained in paragraphs1 through 19 above.

1.21    The allegations contained in paragraph 21 of the Complaint constitute allegations of law and not fact and, therefore, no response is required of the Defendant.

1.22    The allegations contained in paragraph 22 of the Complaint constitute allegations of law and not fact and, therefore, no response is required of the Defendant.

1.23    The allegations contained in paragraph 23 of the Complaint constitute allegations of law and not fact and, therefore, no response is required of the Defendant.

1.24    The allegations contained in paragraph 24 of the Complaint constitute allegations of law and not fact and, therefore, no response is required of the Defendant.

1.25    With respect to the allegations contained in paragraph 25 of the Complaint, Defendant repeats and re-alleges its responses contained in paragraphs1 through 24 above.

1.26    The allegations contained in paragraph 26 of the Complaint constitute allegations of law and not fact and, therefore, no response is required of the Defendant.

1.27    The allegations contained in paragraph 27 of the Complaint constitute allegations of law and not fact and, therefore, no response is required of the Defendant.

1.28    The Defendant hereby denies each and every allegation contained in the Complaint not herein above either admitted, explained, or denied.

### *Affirmative Defenses*

2.01   The transfer referred to in the Complaint does not constitute a voidable preference of under Bankruptcy Code section 547 because Defendant's interest in the subject vehicle was perfected within 30 days of the debtor's receipt of possession of the vehicle.

2.02   To the extent that any of the alleged transfers described in the Complaint meet the requirements of a preference under Bankruptcy Code section 547(b), then all or a portion of such transfers are not avoidable under Bankruptcy Code section 547(c)(1) because all or a portion of such transfers were (a) intended by the Debtors and the Defendant to be a contemporaneous exchange for new value and (b) in fact a substantially contemporaneous exchange.      2.03   The subject transfer to the Defendant did not result in the diminishment of the Debtor's estate.

### *Reservation of Defenses*

3.01   To the extent that any of the answers in paragraphs 1.01 through 1.27 above constitute affirmative defenses, then they are hereby incorporated herein by reference for all purposes.  Defendant reserves the right to assert any other affirmative defenses against the Trustee's claims in the Complaint as such become known during the course of this adversary proceeding.

WHEREFORE, Defendant respectfully requests that the Trustee take nothing by way of the Complaint and that Defendant be granted such other and further relief as the Court deems appropriate.


Dated: December 12, 2025.

Respectfully submitted,


 /s/ Joseph P. Rusnak
Joseph P. Rusnak (#012464)
**TUNE, ENTREKIN & WHITE, P.C.**
Capitol View, Suite 600
500 11th Avenue North
Nashville, TN  37203
(615) 244-2770 Voice
(615) 244-2778 Fax
Jrusnak@tewlawfirm.com

Attorneys for All In Credit Union


### *Certificate of Service*

I hereby certify that on December 12, 2025 a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Dated: December 12, 2025.

 /s/ Joseph P. Rusnak
Joseph P. Rusnak

*H:\JPRAssistant\JPR\All In CU\Cornell\AnswerComplaintAvoidLien.wpd*